IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEE CHURCH, } | | |
| *Plaintiff* } | | |
| v. } | CIVIL ACTION NO. H-05-2800 | |
| } | | |
| KARE DISTRIBUTION, INC., } | | |
| } | | |
| *Defendant* } | | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Pending before the court in this employment discrimination suit is Defendant's motion to dismiss for failure to state a claim (Doc. 5). The issues have been extensively briefed by the parties and are ready for resolution. For the following reasons, the court **ORDERS** the Defendant's motion is **GRANTED**. Plaintiff's claim is dismissed.

### II. RELEVANT FACTS

Defendant, Kare Distribution, Inc. ("Kare" or "Defendant"), is in the business of selling pre-paid international calling cards to predominately Latino customers in Harris County. Plaintiff, Lee Church ("Church" or "Plaintiff"), was employed by Defendant from June 2004 until November 2004. During those six months, Plaintiff, who speaks only English, worked in a team of ten sales representatives supervised by a sales manager. Eight of the sales representatives were bilingual English / Spanish.

In August 2004, Kare began a policy of hiring only bilingual sales representatives. Those employees who could not speak Spanish, including Church, were enrolled in company-sponsored Spanish language classes. Kare also began recruiting bilingual employees through advertisements in the Houston Chronicle.

Three months later, Plaintiff, an African American co-worker, and the sales manager were terminated and replaced with bilingual employees. Thereafter, Church initiated the instant suit in Harris County Court alleging national origin discrimination, race discrimination and intentional

infliction of emotional distress. Defendant removed the case to this court on the basis of diversity jurisdiction.

### III. LAW

#### A. 12(b)(6)

A motion to dismiss under Rule 12(b)(6) is "viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). A court dismisses a complaint under Rule 12(b)(6) only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46(1957). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2nd ed. 1990). A plaintiff must, however, assert more than general legal conclusions to avoid dismissal. *Jefferson v. Lead Industries Assoc., Inc.,* 106 F.3d 1245, 1250 (5th Cir. 1997). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery. . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quoting 3 WRIGHT & MILLER FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 1216 at 156-159). Where a complaint asserts merely conclusory allegations, these conclusory allegations and unwarranted deductions of fact are not admitted as true. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir.1992). Second, where a complaint shows on its face that it is barred by an affirmative defense, a court may dismiss the action for failing to state a claim. *Kaiser Aluminum*, 677 F.2d at 1050.

In considering a Rule 12(b)(6) motion to dismiss a district court may review the pleadings on file, *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000), and matters of public record. *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995). "Pleadings on file"

includes "[d]ocuments that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to [its] claim." *Collins*, 224 F.3d at 498-99.

### B. Discrimination Claims under Section 21.051 of the Texas Labor Code

Section 21.051 of the Texas Labor Code provides in relevant part as follows:

**Discrimination by Employer**

An employer commits an unlawful employment practice if because of race, color, disability, religion, national origin, or age the employer:

> (1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment.

Courts considering claims under section 21.051 can look to analogous federal provisions under Title VII and to federal decisions interpreting Title VII. *Fogle. v. Southwestern Bell Telephone Co.*, 800 F.Supp. 495 (W.D. Tex. 1992).

In *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002), the Supreme Court examined plaintiff's pleading burden in Title VII litigation. The Court rejected the Second Circuit's application of the *Mcdonnell-Douglas* framework to motions to dismiss. It held that to survive a motion to dismiss plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 508 (citing Fed. R. Civ. Proc. 8(a)(2)). Nevertheless, such a statement must outline the bare facts which, if true, would support recovery.

### C. Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress Plaintiff must show the following: (1) the defendant acted intentionally or recklessly, (2) the conduct was extreme and outrageous, (3) the actions of the defendant caused plaintiff emotional distress, and (4) the emotional distress suffered by the plaintiff was severe. *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993). In adopting the Restatement approach, the Texas Supreme Court noted that "liability for outrageous conduct should be found only when the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be

regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (citing Restatement (Second) of Torts, cmt. D).

## IV. APPLICATION OF LAW TO THE FACTS

Accepting all the factual allegations contained in Plaintiff's complaint as true, he has failed to state a claim for either race or national origin discrimination. Church alleges neither direct nor circumstantial evidence that would support his claim. The gravamen of his complaint is that he was fired because he was not bilingual. He asks the court to infer from this that he was the victim of racial or national origin discrimination. Church states that, "Tragic and memorable indeed would be the day for Americans when employers could fire them at will or refuse to hire them in their own country because they do not speak a language other than English." Plaintiff.'s Resp. at 7. Despite this rhetoric, Church was Kare's employee-at-will; as such, he could be fired for good reason, bad reason or no reason at all. *Figueroa v. West*, 902 S.W.2d 701 (Tex. App. El Paso 1995). Here, he was fired because he could not communicate with Kare's customers in their native language.

Plaintiff, recognizing that language is not a protected category, makes the conclusory allegation that Kare's language policy is a pretext for discrimination. However, he does not allege any facts that would support such a finding. Furthermore, Kare's bilingual policy is distinguishable from the monolingual policies that have supported discrimination claims in other cases. *See Equal Employment Opportunity Commission v. Premier Operator Services*, 113 F.Supp. 2d 1066 (N.D. Tex. 2000) (policy forbidding employees to speak Spanish at any time on company grounds violated Title VII). Kare's policy does not limit or prescribe which languages may be spoken in the work place. Rather, it mandates that employees be *capable* of speaking both English and Spanish to better serve their customers. It burdens native Spanish and English speakers equally: forcing each to learn the language of the other. "The EEO Act does not support an interpretation that equates the language an employee prefers to use with his national origin." *Garcia v. Gloor*, 618 F.2d 264 (5th Cir. 1980); *see also Vasquez v. McAllen Bag & Supply*, 660 F.2d 686 (5th Cir. 1981) (Company policy requiring plaintiff to be able to speak English did not violate 42 U.S.C.

§ 1981).

Plaintiff asserts he was dismissed because of his race. Such a claim requires direct or circumstantial evidence that race played an active role in the decision to fire him. He makes no factual claims to support his theory, declining to even identify the race of the individual who replaced him.[1] Plaintiff's national origin discrimination claim – plaintiff describes himself as national origin U.S. – rests on similarly shaky foundations.

Extreme and outrageous conduct by the defendant is a necessary part of a claim for intentional infliction of emotional distress. The facts as stated in Plaintiff's complaint do not support such a finding.

**V. CONCLUSION**

For the aforementioned reasons, Kare Distribution Inc.'s motion to dismiss for failure to state a claim (Doc. 5) is **GRANTED**. Plaintiff's claim is dismissed.

**SIGNED** at Houston, Texas, this 20th day of October, 2005.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[1] Contrary to Plaintiff's assertions, Hispanic is not a racial classification. *See* Allen M. Siegel & William G. Connolly, *The New York Times Manual of Style and Usage*, 160 (Three Rivers Press 1999). Rather it "means descended from a Spanish-speaking land or culture. It may apply to many groups of Americans – to Puerto Ricans, for example, or Texans of Mexican origin – as well as immigrants from Latin America or Spain. It does not denote a race; Hispanics can be of any race." *Id.*